UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MARIA VILLARREAL CAMACHO,<br><br>Debtor. | No. 13-cv-00810-MCE<br><br>Bankruptcy Adversary Proceeding No. 12-02608<br><br>Bankruptcy Court Case No. 12-35648 |
| MARIA VILLARREAL CAMACHO,<br><br>Appellant,<br><br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC., et al.,<br><br>Appellees. | **MEMORANDUM AND ORDER** |

This matter is before the Court on a Motion to Dismiss Appeal of Chapter 7 Debtor Maria Villarreal Camacho ("Camacho") filed by Appellee GreenPoint Mortgage Funding, Inc. ("GreenPoint") on May 21, 2013. (ECF No. 4.) In its Motion, GreenPoint argues that this Court does not have jurisdiction to hear Camacho's appeal because the appeal was filed after the fourteen-day appeal period set forth in Federal Rule of Bankruptcy Procedure 8002(a) had expired. (Id. at 6.[1])

---

[1] The page numbers used in this Memorandum and Order refer to the pagination assigned by the Court's ECF system and not to the pagination assigned by the parties.

1

Appellees Bank of America, N.A., ("Bank of America") and US Bank National Association ("US Bank") have joined in GreenPoint's Motion.  (ECF Nos. 13 & 20.)  On May 20, 2013, Camacho filed a Response to GreenPoint's Motion opposing the dismissal of her appeal.  (ECF No. 6.)  For the reasons set forth below, GreenPoint's Motion is GRANTED.[2]

## BACKGROUND

On August 28, 2012, Camacho filed a voluntary Chapter 7 petition for relief under the Bankruptcy Code.  (GreenPoint's Request for Judicial Notice[3] ("RJN") Ex. 1, ECF No. 5.)  On October 17, 2012, Camacho filed a Complaint commencing the Adversary Proceeding against several defendants, including Appellees GreenPoint, US Bank and Bank of America.  (RJN Ex. 3.)  The Complaint asserted the following causes of action: (1) Fraud; (2) Breach of Fiduciary Duty; (3) Violation of Fiduciary Duty; (4) Civil Conspiracy to Defraud; (5) Negligence; (6) Slander of Title; (7) Declaratory Relief; (8) Violation of 12 U.S.C. § 2607(a); and (9) Negligence Per Se; Declaratory and Injunctive Relief re Civil Code Section 2923.5.  (Id.)

On January 7, 2013, US Bank filed a motion to dismiss the Adversary Proceeding, which was set for hearing on February 26, 2013.  (RJN Ex. 2.)

///

---

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. R. 230(g).

[3] Both parties filed requests for judicial notice of several documents filed in Camacho's bankruptcy proceedings.  (See ECF Nos. 5 & 6.)  Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of complaints and briefs filed in another case to determine what issues were before that court and were actually litigated.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).  The Court may also take judicial notice of another court's order for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation.  Opoka v. I.N.S., 94 F.3d 392, 395 (7th Cir. 1996).  Accordingly, the Court will take judicial notice of the relevant documents filed in Camacho's bankruptcy proceedings, not for the truth of the facts recited therein, but for the limited purpose of establishing that those documents exist.  Since the parties' requests for judicial notice concern the same documents, and in the interests of judicial efficiency, the Court will cite only to GreenPoint's Request for Judicial Notice (ECF No. 5) throughout this Memorandum and Order.

On February 6, 2013, GreenPoint filed its motion to dismiss the Adversary Proceeding, which was set for hearing on March 12, 2013. (RJN Exs. 2 & 4.) On February 7, 2013, Bank of America filed its motion to dismiss the Adversary Proceeding, which was also set for hearing on March 12, 2013. (RJN Ex. 2.)

On February 26, 2013, the Bankruptcy Court held a hearing on US Bank's motion to dismiss. (RJN Exs. 2 & 5.) Camacho and counsel for US Bank, GreenPoint and Bank of America appeared at that hearing. (RJN Ex. 5.) On February 27, 2013, the Bankruptcy Court entered an Order holding, <u>inter alia</u>, that the Adversary Proceeding should be dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(B)[4] because Camacho's spouse Pedro Zarate, acting on behalf of the marital community, had previously filed and subsequently voluntarily dismissed two lawsuits asserting the same claims as included in Camacho's Complaint filed in the Adversary Proceeding at issue. (<u>Id.</u>) The Bankruptcy Court explained that the second voluntary dismissal of an identical action by Camacho's spouse operated as "adjudication on the merits" and eliminated Camacho's ability to file the Adversary Proceeding at issue on behalf of the marital community. (<u>Id.</u>) Having set forth its reasoning, the Bankruptcy Court concluded the Order by stating: "IT IS ORDERED that the adversary proceeding is DISMISSED, WITH PREJUDICE." (<u>Id.</u>) On the same day as the Order was entered, a "Notice of Entry of Order/Judgment in an Adversary Proceeding" was also entered by the Bankruptcy Court. (RJN Ex. 6.) A Certificate of Notice was issued certifying that the Notice of Order was mailed to Camacho at the address she provided in her bankruptcy petition. (RJN Ex. 7.)

///
///
///

---

[4] Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss any action without a court order prior to filing (1) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or (2) a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A). Unless the notice or stipulation provides otherwise, such voluntary dismissal by a plaintiff is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). However, "if the plaintiff previously dismissed any federal - or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." <u>Id.</u>

On March 12, 2013, the Bankruptcy Court issued three separate Civil Minutes concerning a previously scheduled status conference and GreenPoint's and Bank of America's pending motions to dismiss. (RJN Ex. 8.) Each Minute Order stated: "Adversary Proceeding case dismissed 2/27/13." (Id.)

On March 18, 2013, the Adversary Proceeding was closed. (RJN Ex. 2.) On the same day, the Bankruptcy Court issued its Opinion setting forth detailed reasoning for the dismissal of the Adversary Proceeding. (RJN Ex. 9.)

Camacho filed her Notice of Appeal with the Bankruptcy Court on March 28, 2013, twenty-nine days after the entry of the February 27, 2013, Order, and ten days after the entry of the March 18, 2013, Opinion. (RJN Ex. 10.)

**ANALYSIS**

Pursuant to Federal Rule of Bankruptcy Procedure[5] 8002(a), "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). The Ninth Circuit has explained that Rule 8002(a)'s requirement is jurisdictional: untimely filing of notice of appeal deprives appellate court of jurisdiction to review an order of the Bankruptcy Court. In re Wiersma, 483 F.3d 933, 938 (9th Cir. 2007); In re Slimick, 928 F.2d 304, 306 (9th Cir. 1990). Because of the jurisdictional implications of Rule 8002(a), the court should construe the timeliness requirement strictly. In re Souza, 795 F.2d 855, 857 (9th Cir. 1986).

The parties disagree whether the Bankruptcy's Court's February 27, 2013, Order or the subsequently filed Opinion triggered the appeal period under Rule 8002(a). If, as argued by GreenPoint, the appeal period started on February 27, 2013, Camacho's instant appeal is time-barred and should be dismissed.

---

[5] Unless otherwise noted, all further references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure.

If, however, the appeal period does not start running until the Bankruptcy Court had issued its Opinion setting forth rationale for the previously issued Order, then Camacho's appeal would be timely.

In In re Slimick, the Ninth Circuit considered "the recurrent problem of which of two documents filed by a court, both arguably pronouncing the court's final order in a matter, constitutes the final, appealable order." 928 F.2d at 306-07. The Ninth Circuit explained: "[I]f, after filing a final disposition, a court filed a more formal judgment, the latter does not constitute a second final disposition or extend the appeal period." Id. at 307. "A disposition is final if it contains 'a complete act of adjudication,' that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." Id.; see also In re Wiersma, 483 F.3d at 938 ("An order is final if it constitutes a complete adjudication of the issues at bar and clearly evidences the judge's intention that it be final."). "Evidence of intent consists of the Order's content and the judge's and parties' conduct." In re Slimick, 928 F.2d at 308.

Unlike in an ordinary civil case, "in bankruptcy, a complete act of adjudication need not end the entire case, but need only end any of the interim disputes from which appeal would lie." Id. at 307 n.1. Here, the February 27, 2013, Order of the Bankruptcy Court clearly and unambiguously dismissed the Adversary Proceeding with prejudice in its entirety as to all parties, leaving no issues unresolved. (See RJN Ex. 5.) Accordingly, the Order constitutes the Bankruptcy Court's complete act of adjudication. See In re Professional Ins. Mgmt., 285 F.3d 268, 281 (3d Cir. 2002) ("A bankruptcy court order ending a separate adversary proceeding is appealable as a final order even though that order does not conclude the entire bankruptcy case.").

Further, the February 27, 2013, Order on its face evidences the Bankruptcy Court's intent that the disposition be final. By stating that "IT IS ORDERED that the adversary proceeding is DISMISSED, WITH PREJUDICE," (RJN Ex. 5), the Bankruptcy Court clearly intended its Order to be final and immediately operative.

///

1  See In re Slimick, 928 F.2d at 308 ("Although no formal words of judgment are
2  necessary to convey finality," an order "stating 'IT IS THEREFORE ORDERED that the
3  objection . . . is, hereby sustained,' contained language typical of a final disposition.").
4  Nothing in the Order indicates that the Bankruptcy Court contemplated entering the
5  subsequent Opinion or that it did not consider its Order to be final and complete
6  adjudication of the Adversary Proceeding.  See id. at 308 (explaining that an order is
7  final when it "does not refer to any contingency upon which finality depends").  The fact
8  that the Bankruptcy Court entered its Judgment in the Adversary Proceeding
9  immediately following the issuance of the Order further solidifies the finality of the court's
10 February 27, 2013, ruling.  Thus, the Order presented a "clear and unequivocal
11 manifestation by the trial court of its belief that the decision made . . . is the end of the
12 case." In re Brown, 484 F.3d 1116, 1122 (9th Cir. 2007) (quotation omitted); see also In
13 re Cahn, 188 B.R. 627, 630 (B.A.P. 9th Cir. 1995) (finding that the bankruptcy court's
14 ruling was a final appealable order, and that the court's subsequent actions had no effect
15 on the appeal period, where the order clearly dismissed the adversary proceeding, did
16 not require counsel to lodge another form of order, was entered on the bankruptcy court
17 docket, and where a conformed copy of the order was sent to the debtor).
18         Plaintiff, however, argues that the Order did not trigger the appeal period under
19 Rule 8002(a) because "the chronology of proceedings" subsequent to the issuance of
20 the Order allegedly shows that the Bankruptcy Court's February 27, 2013, ruling was not
21 a complete act of adjudication.  (ECF No. 6 at 4.)  In particular, Camacho points out that,
22 after the Order was entered, the Bankruptcy Court "held" several status conferences and
23 a "hearing" on Bank of America's and GreenPoint's motions to dismiss, and had not
24 closed the Adversary Proceeding until March 18, 2013, when it published its Opinion.
25 (Id. at 5.)  The Court does not find Camacho's reasoning persuasive.
26         First, all three Civil Minutes, on which Camacho relies, state: "Adversary
27 Proceeding case dismissed 2/27/13."  (RJN Exs. 2 & 8.)
28 ///

1  Thus, the Civil Minutes clearly refer back to the date of the February 27, 2013, Order and
2  reiterate the fact that the Order dismissed the Adversary Proceeding in its entirely.
3  Although the Minutes indicate that a status conference and a hearing were "held," the
4  docket demonstrates that no party appeared at those "hearings," indicating that the Civil
5  Minutes were entered by the Bankruptcy Court for the purpose of administratively
6  clearing its docket of pending matters, which had become moot in light of the earlier
7  Order dismissing the Administrative Proceeding in its entirety.  (Id.)
8       Moreover, in her recently filed Ex Parte Application for Extension of Time to File
9  Opening Brief, Camacho herself acknowledged that the Bankruptcy Court's February 27,
10 2013, Order was a "ruling dismissing the entire case," and that "[i]t is this ruling for which
11 the Appellant appeals."  (ECF No. 8 at 4.)  Therefore, it is clear that Camacho fully
12 understood that the entire Adversary Proceeding had been dismissed by the Bankruptcy
13 Court's February 27, Order, and that the Order was a final and complete adjudication of
14 the dispute between the parties.
15      Further, the case law is clear that, if a bankruptcy court issues a final appealable
16 order, the court's subsequent issuance of a more detailed opinion -- or findings and
17 conclusions -- does not deprive the first order of its finality and does not extend or restart
18 the appeal period.  See In re Slimick, 928 F.2d at 307 ("[I]f, after filing a final disposition,
19 a court files a more formal judgment, the latter does not constitute a second final
20 disposition or extend the appeal period. . . .  The absence of accompanying findings and
21 conclusions did not prevent the Order from fully adjudicating the [dispute]."); In re
22 Dahnken's of Santa Barbara, Inc., 11 B.R. 536, 537-38 (B.A.P. 9th Cir. 1981)
23 (concluding that the issuance of a "memorandum of decision" setting forth rationale for
24 the previously issued written order had no effect on the period to file an appeal
25 challenging the bankruptcy court's ruling); In re Weston, 18 F.3d 860, 862-63 (10th Cir.
26 1994) (concluding that the issuance of a second "redundant" order did not supersede the
27 previously issued final ruling of the bankruptcy court and had no effect on the time for
28 filing an appeal); In re City of Harrisburg, PA, 462 B.R. 510, 513 (Bankr. M.D. Pa. 2011)

("Rule 8002 states unambiguously that the time for filing an appeal runs from the date of the entry of the order, not from the date of the entry of an opinion."); In re Lahtinen, No. 03 C 7981, 2004 WL 421734, at *3 (N.D. Ill. Feb. 19, 2004) ("As a general rule, a second order creates a new appeal period only if the second order actually alters the first order, changing the result.").

Here, the March 18, 2013, Opinion in no way altered the ruling announced by the Bankruptcy Court in its February 27, 2013, Order, but merely provided a more detailed factual background and a comprehensive legal analysis supporting the earlier dismissal of the Adversary Proceeding.  Accordingly, the February 27, 2013, Order was a final appealable order of the Bankruptcy Court which triggered the fourteen-day time period within which Camacho had to file her Notice of Appeal.  Because Camacho did not file her appeal within the requisite time period, this Court does not have jurisdiction to review the Bankruptcy Court's decision and must dismiss Camacho's appeal.

## CONCLUSION

For the reasons set forth above, the Court finds that the Order entered by the Bankruptcy Court on February 27, 2013, was the final disposition of the Adversary Proceeding.  The time for appeal thus ran from the date of entry of that Order.  Because Camacho failed to file her Notice of Appeal within the fourteen-day period as required by Rule 8002(a), this Court has no jurisdiction to hear the appeal.  Accordingly, GreenPoint's Motion to Dismiss Appeal of Chapter 7 Debtor Maria Villarreal Camacho (ECF No. 4) is GRANTED, and the Bankruptcy Appeal filed by Camacho in this case (ECF No. 1) is DISMISSED.

///
///
///
///

In light of this ruling, Camacho's Ex Parte Application for Extension of Time to File Opening Brief (ECF No. 8) is DENIED as moot.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: July 1, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT