1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

11 | In re                                  | No.  13-cv-00810-MCE

12 | MARIA VILLARREAL CAMACHO,               | Bankruptcy Adversary Proceeding
                                             | No. 12-02608
13 |                    Debtor.              |
                                             | Bankruptcy Court Case No. 12-35648
14 | ———————————————————————————

15 | MARIA VILLARREAL CAMACHO,

16 |                    Appellant,

17 |          v.                            | **MEMORANDUM AND ORDER**

18 | GREENPOINT MORTGAGE
     FUNDING, INC., et al.,
19 |
                    Appellees.

20

21          This matter is before the Court on a Motion to Dismiss Appeal of Chapter 7

22 Debtor Maria Villarreal Camacho ("Camacho") filed by Appellee GreenPoint Mortgage

23 Funding, Inc. ("GreenPoint") on May 21, 2013.  (ECF No. 4.)  In its Motion, GreenPoint

24 argues that this Court does not have jurisdiction to hear Camacho's appeal because the

25 appeal was filed after the fourteen-day appeal period set forth in Federal Rule of

26 Bankruptcy Procedure 8002(a) had expired.  (Id. at 6.[1])

27 _____

28          [1] The page numbers used in this Memorandum and Order refer to the pagination assigned by the
Court's ECF system and not to the pagination assigned by the parties.

1

1  Appellees Bank of America, N.A., ("Bank of America") and US Bank National Association

2  ("US Bank") have joined in GreenPoint's Motion.  (ECF Nos. 13 & 20.)  On May 20,

3  2013, Camacho filed a Response to GreenPoint's Motion opposing the dismissal of her

4  appeal.  (ECF No. 6.)  For the reasons set forth below, GreenPoint's Motion is

5  GRANTED.[2]

6

7                                    **BACKGROUND**

8

9        On August 28, 2012, Camacho filed a voluntary Chapter 7 petition for relief under

10  the Bankruptcy Code.  (GreenPoint's Request for Judicial Notice[3] ("RJN") Ex. 1, ECF

11  No. 5.)  On October 17, 2012, Camacho filed a Complaint commencing the Adversary

12  Proceeding against several defendants, including Appellees GreenPoint, US Bank and

13  Bank of America.  (RJN Ex. 3.)  The Complaint asserted the following causes of action:

14  (1) Fraud; (2) Breach of Fiduciary Duty; (3) Violation of Fiduciary Duty; (4) Civil

15  Conspiracy to Defraud; (5) Negligence; (6) Slander of Title; (7) Declaratory Relief;

16  (8) Violation of 12 U.S.C. § 2607(a); and (9) Negligence Per Se; Declaratory and

17  Injunctive Relief re Civil Code Section 2923.5.  (Id.)

18        On January 7, 2013, US Bank filed a motion to dismiss the Adversary Proceeding,

19  which was set for hearing on February 26, 2013.  (RJN Ex. 2.)

20  ///

21

22        [2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. R. 230(g).

23
24        [3] Both parties filed requests for judicial notice of several documents filed in Camacho's bankruptcy proceedings.  (See ECF Nos. 5 & 6.)  Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of complaints and briefs filed in another case to determine what issues were

25  before that court and were actually litigated.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).  The Court may also take judicial notice of another court's order for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation.  Opoka v.

26  I.N.S., 94 F.3d 392, 395 (7th Cir. 1996).  Accordingly, the Court will take judicial notice of the relevant documents filed in Camacho's bankruptcy proceedings, not for the truth of the facts recited therein, but for

27  the limited purpose of establishing that those documents exist.  Since the parties' requests for judicial notice concern the same documents, and in the interests of judicial efficiency, the Court will cite only to

28  GreenPoint's Request for Judicial Notice (ECF No. 5) throughout this Memorandum and Order.

1  On February 6, 2013, GreenPoint filed its motion to dismiss the Adversary Proceeding,

2  which was set for hearing on March 12, 2013.  (RJN Exs. 2 & 4.)  On February 7, 2013,

3  Bank of America filed its motion to dismiss the Adversary Proceeding, which was also

4  set for hearing on March 12, 2013.  (RJN Ex. 2.)

5       On February 26, 2013, the Bankruptcy Court held a hearing on US Bank's motion

6  to dismiss.  (RJN Exs. 2 & 5.)  Camacho and counsel for US Bank, GreenPoint and Bank

7  of America appeared at that hearing.  (RJN Ex. 5.)  On February 27, 2013, the

8  Bankruptcy Court entered an Order holding, inter alia, that the Adversary Proceeding

9  should be dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(B)[4] because

10  Camacho's spouse Pedro Zarate, acting on behalf of the marital community, had

11  previously filed and subsequently voluntarily dismissed two lawsuits asserting the same

12  claims as included in Camacho's Complaint filed in the Adversary Proceeding at issue.

13  (Id.)  The Bankruptcy Court explained that the second voluntary dismissal of an identical

14  action by Camacho's spouse operated as "adjudication on the merits" and eliminated

15  Camacho's ability to file the Adversary Proceeding at issue on behalf of the marital

16  community.  (Id.)  Having set forth its reasoning, the Bankruptcy Court concluded the

17  Order by stating: "IT IS ORDERED that the adversary proceeding is DISMISSED, WITH

18  PREJUDICE."  (Id.)  On the same day as the Order was entered, a "Notice of Entry of

19  Order/Judgment in an Adversary Proceeding" was also entered by the Bankruptcy Court.

20  (RJN Ex. 6.)  A Certificate of Notice was issued certifying that the Notice of Order was

21  mailed to Camacho at the address she provided in her bankruptcy petition.  (RJN Ex. 7.)

22  ///

23  ///

24  ///

25  [4] Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss any action without a court
order prior to filing (1) a notice of dismissal before the opposing party serves either an answer or a motion
26  for summary judgment, or (2) a stipulation of dismissal signed by all parties who have appeared.
Fed. R. Civ. P. 41(a)(1)(A).  Unless the notice or stipulation provides otherwise, such voluntary dismissal
27  by a plaintiff is without prejudice.  Fed. R. Civ. P. 41(a)(1)(B).  However, "if the plaintiff previously
dismissed any federal - or state-court action based on or including the same claim, a notice of dismissal
28  operates as an adjudication on the merits."  Id.

1    On March 12, 2013, the Bankruptcy Court issued three separate Civil Minutes

2    concerning a previously scheduled status conference and GreenPoint's and Bank of

3    America's pending motions to dismiss.  (RJN Ex. 8.)  Each Minute Order stated:

4    "Adversary Proceeding case dismissed 2/27/13."  (Id.)

5    On March 18, 2013, the Adversary Proceeding was closed.  (RJN Ex. 2.)  On the

6    same day, the Bankruptcy Court issued its Opinion setting forth detailed reasoning for

7    the dismissal of the Adversary Proceeding.  (RJN Ex. 9.)

8    Camacho filed her Notice of Appeal with the Bankruptcy Court on March 28,

9    2013, twenty-nine days after the entry of the February 27, 2013, Order, and ten days

10   after the entry of the March 18, 2013, Opinion.  (RJN Ex. 10.)

11

12                                      **ANALYSIS**

13

14   Pursuant to Federal Rule of Bankruptcy Procedure[5] 8002(a), "[t]he notice of

15   appeal shall be filed with the clerk within 14 days of the date of the entry of the

16   judgment, order, or decree appealed from."  Fed. R. Bankr. P. 8002(a).  The Ninth Circuit

17   has explained that Rule 8002(a)'s requirement is jurisdictional: untimely filing of notice of

18   appeal deprives appellate court of jurisdiction to review an order of the Bankruptcy

19   Court.  In re Wiersma, 483 F.3d 933, 938 (9th Cir. 2007); In re Slimick, 928 F.2d 304,

20   306 (9th Cir. 1990).  Because of the jurisdictional implications of Rule 8002(a), the court

21   should construe the timeliness requirement strictly.  In re Souza, 795 F.2d 855, 857

22   (9th Cir. 1986).

23   The parties disagree whether the Bankruptcy's Court's February 27, 2013, Order

24   or the subsequently filed Opinion triggered the appeal period under Rule 8002(a).  If, as

25   argued by GreenPoint, the appeal period started on February 27, 2013, Camacho's

26   instant appeal is time-barred and should be dismissed.

27   _____

28   [5] Unless otherwise noted, all further references to "Rule" or "Rules" are to the Federal Rules of
Bankruptcy Procedure.

                                           4

1    If, however, the appeal period does not start running until the Bankruptcy Court had

2    issued its Opinion setting forth rationale for the previously issued Order, then Camacho's

3    appeal would be timely.

4        In <u>In re Slimick</u>, the Ninth Circuit considered "the recurrent problem of which of

5    two documents filed by a court, both arguably pronouncing the court's final order in a

6    matter, constitutes the final, appealable order."  928 F.2d at 306-07.  The Ninth Circuit

7    explained: "[I]f, after filing a final disposition, a court filed a more formal judgment, the

8    latter does not constitute a second final disposition or extend the appeal period." <u>Id.</u> at

9    307.  "A disposition is final if it contains 'a complete act of adjudication,' that is, a full

10   adjudication of the issues at bar, and clearly evidences the judge's intention that it be the

11   court's final act in the matter." <u>Id.</u>; <u>see</u> <u>also</u> <u>In re Wiersma</u>, 483 F.3d at 938 ("An order is

12   final if it constitutes a complete adjudication of the issues at bar and clearly evidences

13   the judge's intention that it be final.").  "Evidence of intent consists of the Order's content

14   and the judge's and parties' conduct." <u>In re Slimick</u>, 928 F.2d at 308.

15        Unlike in an ordinary civil case, "in bankruptcy, a complete act of adjudication

16   need not end the entire case, but need only end any of the interim disputes from which

17   appeal would lie." <u>Id.</u> at 307 n.1.  Here, the February 27, 2013, Order of the Bankruptcy

18   Court clearly and unambiguously dismissed the Adversary Proceeding with prejudice in

19   its entirety as to all parties, leaving no issues unresolved.  (<u>See</u> RJN Ex. 5.)  Accordingly,

20   the Order constitutes the Bankruptcy Court's complete act of adjudication. <u>See In re</u>

21   <u>Professional Ins. Mgmt.</u>, 285 F.3d 268, 281 (3d Cir. 2002) ("A bankruptcy court order

22   ending a separate adversary proceeding is appealable as a final order even though that

23   order does not conclude the entire bankruptcy case.").

24        Further, the February 27, 2013, Order on its face evidences the Bankruptcy

25   Court's intent that the disposition be final.  By stating that "IT IS ORDERED that the

26   adversary proceeding is DISMISSED, WITH PREJUDICE," (RJN Ex. 5), the Bankruptcy

27   Court clearly intended its Order to be final and immediately operative.

28   ///

1  See In re Slimick, 928 F.2d at 308 ("Although no formal words of judgment are

2  necessary to convey finality," an order "stating 'IT IS THEREFORE ORDERED that the

3  objection . . . is, hereby sustained,' contained language typical of a final disposition.").

4  Nothing in the Order indicates that the Bankruptcy Court contemplated entering the

5  subsequent Opinion or that it did not consider its Order to be final and complete

6  adjudication of the Adversary Proceeding.  See id. at 308 (explaining that an order is

7  final when it "does not refer to any contingency upon which finality depends").  The fact

8  that the Bankruptcy Court entered its Judgment in the Adversary Proceeding

9  immediately following the issuance of the Order further solidifies the finality of the court's

10 February 27, 2013, ruling.  Thus, the Order presented a "clear and unequivocal

11 manifestation by the trial court of its belief that the decision made . . . is the end of the

12 case." In re Brown, 484 F.3d 1116, 1122 (9th Cir. 2007) (quotation omitted); see also In

13 re Cahn, 188 B.R. 627, 630 (B.A.P. 9th Cir. 1995) (finding that the bankruptcy court's

14 ruling was a final appealable order, and that the court's subsequent actions had no effect

15 on the appeal period, where the order clearly dismissed the adversary proceeding, did

16 not require counsel to lodge another form of order, was entered on the bankruptcy court

17 docket, and where a conformed copy of the order was sent to the debtor).

18      Plaintiff, however, argues that the Order did not trigger the appeal period under

19 Rule 8002(a) because "the chronology of proceedings" subsequent to the issuance of

20 the Order allegedly shows that the Bankruptcy Court's February 27, 2013, ruling was not

21 a complete act of adjudication.  (ECF No. 6 at 4.)  In particular, Camacho points out that,

22 after the Order was entered, the Bankruptcy Court "held" several status conferences and

23 a "hearing" on Bank of America's and GreenPoint's motions to dismiss, and had not

24 closed the Adversary Proceeding until March 18, 2013, when it published its Opinion.

25 (Id. at 5.)  The Court does not find Camacho's reasoning persuasive.

26      First, all three Civil Minutes, on which Camacho relies, state: "Adversary

27 Proceeding case dismissed 2/27/13."  (RJN Exs. 2 & 8.)

28 ///

1   Thus, the Civil Minutes clearly refer back to the date of the February 27, 2013, Order and

2   reiterate the fact that the Order dismissed the Adversary Proceeding in its entirely.

3   Although the Minutes indicate that a status conference and a hearing were "held," the

4   docket demonstrates that no party appeared at those "hearings," indicating that the Civil

5   Minutes were entered by the Bankruptcy Court for the purpose of administratively

6   clearing its docket of pending matters, which had become moot in light of the earlier

7   Order dismissing the Administrative Proceeding in its entirety.  (Id.)

8       Moreover, in her recently filed Ex Parte Application for Extension of Time to File

9   Opening Brief, Camacho herself acknowledged that the Bankruptcy Court's February 27,

10  2013, Order was a "ruling dismissing the entire case," and that "[i]t is this ruling for which

11  the Appellant appeals."  (ECF No. 8 at 4.)  Therefore, it is clear that Camacho fully

12  understood that the entire Adversary Proceeding had been dismissed by the Bankruptcy

13  Court's February 27, Order, and that the Order was a final and complete adjudication of

14  the dispute between the parties.

15      Further, the case law is clear that, if a bankruptcy court issues a final appealable

16  order, the court's subsequent issuance of a more detailed opinion -- or findings and

17  conclusions -- does not deprive the first order of its finality and does not extend or restart

18  the appeal period.  See In re Slimick, 928 F.2d at 307 ("[I]f, after filing a final disposition,

19  a court files a more formal judgment, the latter does not constitute a second final

20  disposition or extend the appeal period. . . .  The absence of accompanying findings and

21  conclusions did not prevent the Order from fully adjudicating the [dispute].");  In re

22  Dahnken's of Santa Barbara, Inc., 11 B.R. 536, 537-38 (B.A.P. 9th Cir. 1981)

23  (concluding that the issuance of a "memorandum of decision" setting forth rationale for

24  the previously issued written order had no effect on the period to file an appeal

25  challenging the bankruptcy court's ruling); In re Weston, 18 F.3d 860, 862-63 (10th Cir.

26  1994) (concluding that the issuance of a second "redundant" order did not supersede the

27  previously issued final ruling of the bankruptcy court and had no effect on the time for

28  filing an appeal); In re City of Harrisburg, PA, 462 B.R. 510, 513 (Bankr. M.D. Pa. 2011)

1  ("Rule 8002 states unambiguously that the time for filing an appeal runs from the date of

2  the entry of the order, not from the date of the entry of an opinion."); In re Lahtinen,

3  No. 03 C 7981, 2004 WL 421734, at *3 (N.D. Ill. Feb. 19, 2004) ("As a general rule, a

4  second order creates a new appeal period only if the second order actually alters the

5  first order, changing the result.").

6        Here, the March 18, 2013, Opinion in no way altered the ruling announced by the

7  Bankruptcy Court in its February 27, 2013, Order, but merely provided a more detailed

8  factual background and a comprehensive legal analysis supporting the earlier dismissal

9  of the Adversary Proceeding.  Accordingly, the February 27, 2013, Order was a final

10  appealable order of the Bankruptcy Court which triggered the fourteen-day time period

11  within which Camacho had to file her Notice of Appeal.  Because Camacho did not file

12  her appeal within the requisite time period, this Court does not have jurisdiction to review

13  the Bankruptcy Court's decision and must dismiss Camacho's appeal.

14

15                                    **CONCLUSION**

16

17        For the reasons set forth above, the Court finds that the Order entered by the

18  Bankruptcy Court on February 27, 2013, was the final disposition of the Adversary

19  Proceeding.  The time for appeal thus ran from the date of entry of that Order.  Because

20  Camacho failed to file her Notice of Appeal within the fourteen-day period as required by

21  Rule 8002(a), this Court has no jurisdiction to hear the appeal.  Accordingly,

22  GreenPoint's Motion to Dismiss Appeal of Chapter 7 Debtor Maria Villarreal Camacho

23  (ECF No. 4) is GRANTED, and the Bankruptcy Appeal filed by Camacho in this case

24  (ECF No. 1) is DISMISSED.

25  ///

26  ///

27  ///

28  ///

8

1    In light of this ruling, Camacho's Ex Parte Application for Extension of Time to File

2    Opening Brief (ECF No. 8) is DENIED as moot.

3        The Clerk of the Court is directed to close this case.

4        IT IS SO ORDERED.

5    Dated:  July 1, 2013

6

7

8               MORRISON C. ENGLAND, JR, CHIEF JUDGE

9               UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28